REQUESTED BY: Donald L. Wagner State Senator State Capitol Lincoln, NE 68509
Dear Senator Wagner:
In your letter of August 18, 1981, you suggest that there was a misunderstanding as to the exact question you raised in your previous request for an opinion dated July 10, 1981.
You suggest that the language of Neb.Rev.Stat. 21-17,133
(Reissue 1977) as amended in 1981 by LB 204 limits the amount of expenses paid to all members of the Board of Directors of the Nebraska Depository Institution Guarantee Association to the amount to which a state employee would be entitled and inquire as to our opinion of the constitutionality of such a limitation. In our previous correspondence to you we had construed this language to limit the reimbursement paid only to state employees who were also members of this Board. The language in question provides as is pertinent to your inquiry: `. . . with reimbursement for expenses to be made as provided in § 84-306.01
to 84-306.05 for state employees, . . .' If your interpretation is correct the words `. . . for state employees, . . .' are redundant in that the statutory provision cited immediately before this language apply only to state employees.
In any event, you inform us that it is your belief that the Legislature intended to limit a reimbursement paid to all board members of this corporation to the amount specified by the Nebraska statutes which pertain to reimbursement for expenses by state employees and inquire as to our opinion of the constitutionality of such a limitation. A corporation is an artificial person, created by and deriving its powers from the Nebraska Legislature. Nebraska WheatGrowers Association v. Smith, 115 Neb. 177, 212 N.W. 39
(1927).
Also in this regard the Nebraska Constitution provides that Article VII, Section 1 as is pertinent: `The Legislature shall provide by general for the organization, regulation, supervision and general control of all corporations, . . .' At first blush, therefore it appears as though the Legislature has the power to provide by statute the manner in which corporations shall conduct their business.
Of concern to us, however, is the further provision of Article VII, Section 1 of the Nebraska Constitution which provides: `. . . No corporation shall be created by special law, . . .' and the language of Article III, Section 18 of the Constitution of the State of Nebraska which suggests that the Legislature shall not pass any local or special law in any of the following cases including the granting `. . . to any corporation, association or individual any special or exclusive privileges, . . . . In all other cases where a general law can be made applicable, no special law shall be enacted.'
The question would then become whether or not singling out this corporation for a limitation as to the amount its directors might receive in the way of reimbursement for expenses amounts to a `special law.'
The rationale underlying this constitutional prohibition was set out by the Nebraska Supreme Court in Wittlerv. Baumgartner, 180 Neb. 446, 144 N.W.2d 62 (1966) wherein it was stated:
 "The legislature may legislate in regard to a class of persons, but they cannot take what may be termed a natural class of persons, split that class in two, and then arbitrarily designate the dissevered fractions of the original unit as two classes, and enact different rules for the government of each."
However, also see generally State ex rel. Douglas v.Nebraska Mortgage Finance Fund, 204 Neb. 445, 283 N.W.2d 12
(1979).
Therefore, while it appears clear that the Legislature does have the power to provide the manner in which corporations shall be organized most likely to include the manner in which directors for which corporations are compensated, it is not as clear whether or not our supreme court would consider this `special' legislation where it applies to a single corporation as is the case here. We therefore cannot state with any degree of certainty whether or not our supreme court would find this statutory provision constitutional. Compare Wittler v. Baumgartner, supra, withState ex rel. Douglas v. Nebraska Mortgage Finance Fund,supra.
We apologize for the misunderstanding as to your original inquiry and hope that the legal considerations set out above will be of value to you in determining whether or not you wish to propose an amendment.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General